UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMIN JONES,

    Petitioner,

v.                                                       CASE NO. 6:04-cv-1204-Orl-19JGG
                                                                        (6:00-cr-009-Orl-19JGG)

UNITED STATES OF AMERICA,

    Respondent.

**<u>ORDER</u>**

This case involves an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Amin Jones (Doc. No. 1). The Government filed an amended response to the motion (Doc. No. 20). Petitioner filed a reply to the response (Doc. No. 24).

Petitioner alleges five claims for relief in his motion: first, that a double jeopardy violation occurred when the Government "broke its promise not to bring criminal prosecution against" him; second, that his Fifth Amendment right protecting him from self-incrimination was violated; third, that the Assistant United States Attorney and the DEA agent committed misconduct; fourth, that Petitioner received ineffective assistance of counsel during the pretrial proceedings, at sentencing, and on direct appeal; and fifth, that his guilty plea was unconstitutional.

*Procedural History*

Petitioner and others were charged in a one count indictment with conspiracy to possess with intent to distribute and distribute marihuana (Criminal Case 6:00-cr-009-Orl-19JGG, Doc. No. 1,

filed January 25, 2000).[1] On June 29, 2000, pursuant to a written plea agreement (Criminal Case Doc. No. 54), Petitioner entered a plea of guilty before United States Magistrate Judge James G. Glazebrook. Magistrate Judge Glazebrook entered a report and recommendation recommending that the guilty plea be accepted (Criminal Case Doc. No. 55). The district court accepted the plea and adjudicated Petitioner guilty of count one of the indictment (Criminal Case Doc. No. 57).

A sentencing hearing was scheduled for October 27, 2000, but Petitioner failed to appear. A bench warrant was issued for his arrest, and, on January 14, 2002, he was arrested in Texas. Petitioner was subsequently returned to this district. On March 4, 2002, Petitioner filed a motion to withdraw his plea of guilty (Criminal Case Doc. No. 79). After conducting an evidentiary hearing, this Court denied the motion to withdraw the plea (Criminal Case Doc. No. 126). On July 11, 2002, Petitioner was sentenced to a sixty-three month term of imprisonment, followed by a three year term of supervised release (Criminal Case Doc. No. 127). On August 8, 2003, the Eleventh Circuit Court of Appeals issued a written, unpublished opinion affirming Petitioner's conviction and sentence. *See* Criminal Case Doc. No. 145.

*Claim One*

Petitioner contends that during forfeiture proceedings the prosecutor assured him that he would not be criminally prosecuted if he permitted the Government to forfeit his 1993 Freightliner tractor truck (the "truck") and his Frughthuft drybox trailer (the "trailer"). In claim one, Petitioner argues that his subsequent criminal prosecution constituted a violation of his double jeopardy rights.

---

[1] Hereinafter Criminal Case No.6:00-cr-009-Orl-19JGG will be referred to as "Criminal Case."

In claim two, he argues that statements he made during the forfeiture disposition were used to initiate the criminal proceedings against him.

As set forth above, Petitioner entered into a written plea agreement with the Government (Criminal Case Doc. No. 54). When Petitioner executed his plea agreement, he waived all but jurisdictional claims up to the time of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). Since neither claim one nor claim two asserts a jurisdictional challenge, both claims were waived by Petitioner's execution of the plea agreement and must be denied.

*Claim Three*

Petitioner contends that both the prosecutor and the DEA agent committed misconduct, as follows: (a) the prosecutor broke his promise not to prosecute Petitioner if Petitioner agreed to forfeit the truck and trailer; (b) the Government suppressed *Brady/Bagely* material; (c) the Government used testimony obtained from Petitioner during the forfeiture proceedings and deliberately delayed the filing of an indictment against him; (d) the Government transferred Petitioner from the Seminole County Jail to the Lake County Jail and denied him the right to medical treatment; and (e) the Government interrogated him without an attorney, obtained evidence, and used the evidence to gain an advantage in the criminal proceedings.

Issues (a) and (c) are merely restatements of claims one and two. Therefore, issues (a) and (c) are rejected for the reasons set forth in the discussion of claims one and two.

Issue (b) was rejected by the Eleventh Circuit Court of Appeals on direct appeal. *See* Criminal Case Doc. No. 145 at 4-5. This Court is not required on § 2255 motions to reconsider claims of error that were raised and resolved on direct appeal. *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000), *cert. denied*, 531 U.S. 1131 (2001); *United States v. Rowan*, 663 F.2d

1034, 1035 (11th Cir. 1981). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under section 2255." *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir.), *cert. denied*, 434 U.S. 819 (1977); *see also United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir. 1987) (appellant could not raise the same issues in a § 2255 motion that had been decided on direct appeal); *United States v. Khubani*, 791 F.2d 260, 263 (2d Cir.), *cert. denied*, 479 U.S. 851 (1986) (§ 2255 may not be employed to relitigate questions that were raised and considered on direct appeal). "[A] section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992).

Issue (b) was considered on direct appeal. Petitioner has failed to set forth any grounds that demonstrate the necessity for reconsideration; therefore, issue (b) cannot be relitigated on a § 2255 motion and must be denied.

Issue (d) is not cognizable under § 2255. Section 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Thus, a federal prisoner may only obtain relief under § 2255 if his or her sentence (a) was imposed in violation of the Constitution or federal laws, (b) was imposed by a court without jurisdiction to do so, (c) was in excess of the maximum permitted by the law, or (d) is otherwise subject to attack. Petitioner has not shown the applicability of any of these four grounds regarding issue (d). Therefore, issue (d) is not cognizable under § 2255 and must be denied.

Issue (e), like claims one and two, was waived by Petitioner's execution of the plea agreement. Therefore, it also must be denied.

*Claim Four*

Petitioner argues that he received ineffective assistance of counsel during the pretrial proceedings, at sentencing, and on direct appeal. Specifically, Petitioner ascribes the following deficiencies to his counsel's performance:

- (a)  failure to file pretrial motions challenging the indictment;
- (b)  failure to consult with prior counsel regarding the civil forfeiture proceedings;
- (c)  failure to investigate, interview, and conduct background checks on the Government's informants;
- (d)  failure to file timely motions in limine and discovery motions;
- (e)  failure to advise the Court that Government informants had threatened Petitioner before he entered his guilty plea;
- (f)  failure to file a motion to withdraw based upon a conflict of interest;
- (g)  advising Petitioner to enter a guilty plea without thoroughly investigating the facts and circumstances of the case;
- (h)  advising Petitioner to stipulate to the drug quantity;
- (I)  failure to provide the Court with exculpatory evidence which was provided by Petitioner's mother prior to sentencing;
- (j)  failure to object to the Government transferring Petitioner from Seminole County Jail to Lake County Jail;
- (k)  failure to object to the accuracy of Petitioner's psychological report;
- (l)  failure to properly challenge erroneous information in the presentence report at sentencing and on direct appeal;
- (m)  failure to correct the record of Petitioner's plea hearing;
- (n)  failure to object to pretrial counsel appearing and testifying on the Government's behalf;
- (o)  failure to call an essential witness to testify at the plea withdrawal hearing;
- (p)  failure to advise the Court of the Government or pretrial counsel's misconduct;
- (q)  failure to raise and/or preserve *Apprendi* issues;
- (r)  failure to raise Government misconduct on direct appeal;
- (s)  failure to correct errors in the record on direct appeal and in the district court; and
- (t)  failure to raise or investigate and obtain evidence germane to issues on direct appeal.

Petitioner entered into a written plea agreement with the Government (Criminal Case Doc. No. 54). Pursuant to the agreement, Petitioner agreed

> that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal [his] sentence, **directly or collaterally**, on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines or a determination by the district court that his base offence level is 34 or higher under USSG § 2D1.1; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), [Petitioner] is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

*Id.* at 10 (emphasis added). During his change of plea hearing, Petitioner specifically acknowledged that he was waiving his right "to appeal and to collaterally attack [his] sentence in [the] plea agreement under virtually all circumstances." (Criminal Case Doc. No. 81 at 12.)

In *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit Court of Appeals determined that a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. *Id.* at 1342. Therefore, Petitioner's knowing and voluntary waiver in the plea agreement generally bars him from pursuing collateral relief under § 2255 based on ineffective assistance of counsel. However, the *Williams* court left unanswered the question of whether ineffective assistance of counsel claims concerning the validity of the waiver or the plea would survive such a waiver. *Id.* at 1342 n.2; *see also White*, 307 F.3d 336, 343 (5th Cir. 2002) ("[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) ("When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255."); *DeRoo*, 223 F.3d 919, 924 (8th Cir. 2000) ("Dismissal of a section

2255 motion on the basis of a waiver in the plea agreement is inappropriate when the defendant's claims of ineffective assistance relate to the negotiation of, and entry into, the plea agreement and waiver."). Arguably, issues (e) and (g) concern the validity of the plea.

In the instant case, this Court concludes that the plea agreement and waiver were knowing and voluntary. The magistrate judge addressed both the appeal and the collateral waiver during the change of plea hearing. (Criminal Case Doc. No. 81 at 12.) In reviewing the constitutional adequacy of a guilty plea, the Eleventh Circuit has indicated as follows:

> A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

*Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991) (quotation omitted) (citation omitted). As discussed by the Fifth Circuit in *United States v. Gaitan*, 954 F.2d 1005 (5th Cir. 1992),

> The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences.

*Id*. at 1012 (quotation omitted) (citations omitted).

The Magistrate Judge in this case conducted a thorough and comprehensive plea colloquy. Petitioner stated under oath that he was not threatened or promised anything in order to get him to plead guilty. (Criminal Case Doc. No. 81 at 8, 11-12.) Petitioner acknowledged that he had reviewed the indictment with his attorney and that he was satisfied with his attorney's services. *Id*. at 7. Petitioner also stated that he understood the nature of the charges against him, the maximum penalties for each charge, and the rights he would waive by entering a plea. *Id*. at 7, 13, 19-22.

These representations constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

In addition, this Court conducted an evidentiary hearing regarding Petitioner's motion to withdraw his guilty plea. At the conclusion of the hearing, a determination was made that "the plea that [Petitioner] entered was entered knowingly and intelligently and without force or coercion." (Criminal Case Doc. No. 126, attached transcript at 13.) This conclusion was echoed by the Eleventh Circuit Court of Appeals. *See* Criminal Case Doc. No. 145 at 4 ("A review of the plea colloquy indicates that [Petitioner's] guilty plea was knowingly and voluntarily entered."). Petitioner's conclusory allegations regarding his counsel's performance do not in any manner undermine the earlier conclusions of this Court and the appellate court.

Furthermore, a review of record reveals that Petitioner understood the full significance of his waiver of collateral relief. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) ("To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver."), *cert. denied*, 536 U.S. 961 (2002); *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993) ("[F]or a sentence appeal waiver to be knowing and voluntary, the district court must have engaged the defendant about the sentence appeal waiver during the Rule 11 hearing."), *cert. denied*, 513 U.S. 1051 (1994). Since the plea and the waiver were knowing, intelligently, and voluntarily entered, the waiver provision in the plea agreement precludes this Court from

considering Petitioner's ineffective assistance of counsel claims.  Therefore, claim four must be denied.

*Claim Five*

In his fifth claim, Petitioner contends that his guilty plea was unconstitutional because he "was misinformed, neither the indictment, defense counsel, nor the trial court explained to [him] that the government had to prove 'specific drug quantity,' to a jury beyond a reasonable doubt."

To the extent that Petitioner raises a claim of an unknowing, unintelligent, or involuntary guilty plea, this claim is rejected for the reasons set for in the discussion of claim four.  Clearly, the record demonstrates that Petitioner's guilty plea was knowing, intelligent, and voluntary.

To the extent that Petitioner is asserting a claim under *Apprendi* and its progeny, this claim was raised and rejected on direct appeal.  Claims that have been raised and resolved on direct appeal will not to be reconsidered  by this Court in a § 2255 motions.  *See Nyhuis*, 211 F.3d at 1343; *Rowan*, 663 F.2d at 1035.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.	The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Amin Jones is **DENIED**, and this case is **DISMISSED** with prejudice.

2.	The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.	The Clerk of the Court is directed to file a certified copy of this Order in criminal case number 6:00-cr-009-Orl-19JGG and to  terminate the pending motion to vacate, set aside, or

correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 150) pending in that case.

**DONE AND ORDERED** at Orlando, Florida, this _4th____ day of August, 2005.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 8/4
Amin Jones
Counsel of Record